THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RAQUEL BERRIOS CORREA**

    **Plaintiff,**

    v.

**MAPFRE** *et als*.

    **Defendants.**

**Civil No. 19-2105 (ADC)**

## OPINION AND ORDER

Pending before the Court is defendant MAPFRE PRAICO Insurance Company's ("MAPFRE") motion for automatic stay of the proceedings. **ECF No. 6**. Plaintiff Raquel Berríos-Correa opposed. **ECF No. 7**. MAPFRE replied. **ECF No. 10**. For the following reasons, MAPFRE's request for automatic stay is **GRANTED**.

**I.  Background**

On December 2, 2019, plaintiff filed suit solely against MAPFRE under diversity jurisdiction, seeking "compensatory damages for the physical and emotional injuries suffered by Plaintiff as a result of the injury sustained in the front entrance of the Bayamón, Puerto Rico Courthouse, a building insured by MAPFRE." **ECF No. 1** at 1. Via its answer to the Complaint, MAPFRE denied liability, set forth various affirmative defenses and clarified that its insured, the Puerto Rico Public Building Authority ("PBA"), rents the building where the Bayamón Court is located. **ECF No. 5** at 1.

Simultaneously, MAPFRE moved for an automatic stay of the proceedings, citing Sections 362(a) and 922(o) of the Bankruptcy Code as incorporated by reference under Section 301(a) of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"). **ECF No. 6**. MAPFRE explains that its insured, PBA, is a covered entity under Title III of PROMESA, that the Oversight Board submitted a Title III petition on behalf of the PBA, and as a result, any legal proceedings against such entity are automatically stayed. MAPFRE argues that pursuant to the Court of Appeal for the First Circuit's holding in *Tringali v. Hathaway Machinery Co., Inc.*, 796 F.2d 552, 560 (1st Cir. 1986), the proceeds of a liability insurance policy are property of the debtor's (*i.e.* PBA's) estate as defined under Section 541(a)(1) of the Bankruptcy Code. Therefore, plaintiff's claims against MAPFRE, as PBA's insurer, are equally subject to PROMESA's automatic stay.

In opposition, plaintiff rejects the applicability of PROMESA's automatic stay arguing that the insurance proceeds for third party claims do not belong to the debtor's estate. **ECF No. 7.** She further contends that MAPFRE, as PBA's insurer, lacks standing to raise such defense, since she is pursuing direct and independent claims against MAPFRE under Puerto Rico's Insurance Code. MAPFRE replied, disputing the applicability of case law cited by plaintiff. **ECF No. 10**.

## II.   Analysis

This case raises a novel controversy, namely whether PROMESA's automatic stay extends to a liability suit, filed under the Puerto Rico Insurance Code's direct-action statute[1], against a Title III debtor's insurance company. Here, the parties do not contest that the insured, PBA, is a Title III debtor protected by PROMESA's automatic stay. Instead, they dispute the applicability of the automatic stay provisions to the insurance policy issued by MAPFRE to PBA or to the insurance proceeds stemming from such policy.

Since PROMESA's provisions are at issue here, a brief summary of its inception and purposes is in order. It is well known that on June 30, 2016, the President signed PROMESA into law. PROMESA established a *sui generis* framework that sought "to address the dire fiscal emergency in Puerto Rico, by establishing '[a] comprehensive approach to [Puerto Rico's] fiscal, management and structural problems and adjustments . . . involving independent oversight and a Federal statutory authority for the Government of Puerto Rico to restructure debts in a fair and orderly process.'" *Brigade Leveraged Capital Structures Fund Ltd. v. García-Padilla*, 217 F. Supp. 3d 508, 514 (D.P.R. 2016) (citing PROMESA, § 405(m)(4)).

Among its provisions, founded on bankruptcy principles, PROMESA enacted an automatic stay of "all liability-related litigation against the Commonwealth of Puerto Rico,

---

[1] Section 20.030(1) of the Puerto Rico Insurance Code provides that "any individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly." P.R. Laws Ann. tit. 26 § 2003(1).

which was or could have been commenced before the law's enactment.". *Brigade Leveraged Capital Structures Fund*, 217 F. Supp. 3d at 515. Specifically, Section 362(a) of the Bankruptcy Code[2], made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on the commencement or continuation of judicial, administrative, or other actions or proceedings against a debtor that was or could have been commenced before the commencement of the case under Title III. *See* 11 U.S.C. § 362(a)(1); PROMESA § 301(a) (incorporating 11 U.S.C. § 362 into Title III cases).

Ordinarily, in determining the scope of the automatic stay under Section 362, courts must assess among other issues, what constitutes property of the debtor's estate, which in the usual bankruptcy proceedings is guided by the definition provided in Section 541 of the Bankruptcy Code. 11 U.S.C. §541. PROMESA, however, did not incorporate Section 541 to Title III cases. 48 U.S.C. § 2161(a). Instead, "PROMESA and the municipal bankruptcy code instruct that we replace all instances of 'property of the estate' that appear in the incorporated provisions of the bankruptcy code with 'property of the debtor.'" *Gracia-Gracia v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 939 F.3d 340, 349 (1st Cir. 2019); 48 USCS § 2161(c)(5).[3] Moreover, Section 305 of PROMESA "deprives this Court of power to interfere with,

---

[2] Pursuant to Section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition creates an automatic stay of all court proceedings, acts to collect a prepetition liability from the debtor and a broad range of actions against the debtor's property. 11 U.S.C. § 362(a)(1) & (6); 11 U.S.C. § 362(a)(3) (barring "any act . . . to exercise control over property of the [debtor]"); 11 U.S.C. § 362(a)(4) (prohibiting "any act to create, perfect, or enforce any lien against property of the [debtor]"); 11 U.S.C. § 362(a)(6) (proscribing "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case").

[3] The term "property of the estate", when used in a section of title 11, United States Code, made applicable in a case under this title [48 U.S.C.S. §§ 2161 et seq.] by subsection (a), means property of the debtor. 48 U.S.C.S. § 2161(c)(5).

among other things, 'any of the property' of the debtor." *Id*. (citing 48 U.S.C.S. § 2165(2)). Consequently, PROMESA's automatic stay is more far reaching than in ordinary bankruptcy cases.

On this point, the First Circuit recently noted that albeit textually Section 541 "has no role to play" in PROMESA, "in the Title III context, the automatic stay applies to any action that implicates property of a Title III debtor, and consequently the reach of the automatic stay is broader in the PROMESA and municipal bankruptcy contexts than it is in the run-of-the-mill bankruptcy case." *Gracia-Gracia*, 939 F.3d at 349; *see also In re Fin. Oversight & Mgmt. Bd.*, No. 17 BK 3283-LTS, 2020 U.S. Dist. LEXIS 120718, *26-27 (D.P.R. July 2, 2020). In discussing such broad scope, the appellate court noted that "[t]he automatic stay encompasses a large universe of creditor actions that might affect the debtor, including not just lawsuits and enforcement actions, but also 'any post-petition collection activities against the debtor.'" *Ambac Assur. Corp. v. Puerto Rico (In re Fin. Oversight & Mgmt. Bd.)*, 927 F.3d 597, 604 (1st Cir. 2019) (citations omitted).

As to the effect of the automatic stay on liability claims against a debtor's insurer, this Court recently highlighted that, "[a]lthough § 362(a)(1) does not prohibit claims from proceeding against a debtor's insurer, such claims are nonetheless subject to an automatic bankruptcy stay." *Reyes v. BTB Corp.*, Civil No. 14-1726, 2015 U.S. Dist. LEXIS 83386, *3-4 (D.P.R. June 24, 2015). Indeed, since 1986, the Court of Appeals for the First Circuit explicitly found that proceeds of a liability insurance policy are property of a debtor's estate pursuant to § 541(a)(1). *Tringali*, 796 F.2d at 560. In so doing, the appellate court pointed out that "[t]he language of § 541(a)(1) is

broad enough to cover an interest in liability insurance, namely, the debtor's right to have the insurance company pay money to satisfy one kind of debt—debts accrued through, for example, the insured's negligent behavior." *Id*. Since then, courts in this circuit have consistently followed suit, applying the automatic stay to liability claims against debtor's insurers. *See Villafañe-Colón v. B Open Enters.*, 932 F. Supp. 2d 274, 280-82 (D.P.R. 2013) (granting motion to stay all proceedings against debtor and its insurer pending the outcome of the debtor's bankruptcy proceedings); *Blomquist v. Horned Dorset Primavera, Inc.*, Civil No. 13-1835, 2015 U.S. Dist. LEXIS 72836, *4 (D.P.R. June 3, 2015) (staying proceedings in this case against debtor-defendant's insurer based on *Tringali*'s holding that proceeds from an insurance policy are property of the bankruptcy estate pursuant to § 541(a)(1) of the Bankruptcy Code); *Reyes v. BTB Corp.*, Civil No. 14-1726, 2015 U.S. Dist. LEXIS 83386, *3-4 (D.P.R. June 24, 2015) (staying proceedings against debtor's insurer in liability suit pursuant to *Tringali*); *Cruz-Aponte v. Caribbean Petroleum Corp.*, Civil No. 09-2092, 2010 U.S. Dist. LEXIS 155352, *58-60 (D.P.R. Oct. 25, 2010); *In re Mahoney Hawkes*, LLP, 289 B.R. 285, 295 (Bk.C. Mass. 2002) (holding that the proceeds of the Policy are property of the estate pursuant to *Tringali*).

Plaintiff's generalized proffer that the proceedings should continue against MAPFRE because she filed a direct-action lawsuit is not persuasive. Section 20.030(1) of the Puerto Rico Insurance Code provides that "any individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly."

P.R. Laws Ann. tit. 26 § 2003(1). In *Cruz-Aponte*, albeit noting that "the specific issue of whether suits against a debtor—defendant's insurers may proceed in a direct action jurisdiction" has not been addressed by the First Circuit, a review of case law regarding this matter has led the this Court to conclude that "a debtor—defendant's insurance policies and their proceeds are considered 'valuable property of a debtor'", thus   "[a]ny action in which the judgment may diminish this 'important asset' is unquestionably subject to a stay under [§ 362(a)(3)].'" *Cruz-Aponte v. Caribbean Petroleum Corp.*, Civil No. 09-2092, 2010 U.S. Dist. LEXIS 155352, *58-60 (Oct. 25, 2010) (collecting cases); *see also Blomquist v. Horned Dorset Primavera, Inc.*, Civil No.: 13-1835, 2015 U.S. Dist. LEXIS 72836, *4 (D.P.R. June 3, 2015)(rejecting plaintiff's request that direct action against insurer proceed despite insured's bankruptcy filing, and following *Tringali*'s holding that insurance proceeds are part of the estate).

Therefore, First Circuit case law is clear that the economic benefit an insurance policy provides to a debtor's property is unquestionable. As a bankruptcy court adequately noted,

> [t]he Debtor paid the premiums on the Policy to guard itself against these type of claims (liability suit). The Policy proceeds benefit the Debtor by covering claims it would otherwise be responsible to pay from other funds. The Policy thus provides a direct and substantial benefit to the estate and increases its value. Indeed, without the Policy proceeds the Debtor would have little or nothing to pay its debts. *In re Focus Capital*, Inc., 504 B.R. 296, 306 (Bankr. N.H. 2014).

Along these lines, this Court has also emphasized that aside from the proceeds "being property of the estate, the insurer would be in effect defending the claims against [debtor] in its place, which again shows an identity of interest so that the suit against the non-debtor insurer is

essentially a suit against the debtor." *Villafañe-Colon v. B Open Enters.*, 932 F. Supp. 2d 274, 282 (D.P.R. 2013).

Considering the above as well as the substantially broader scope of the automatic stay established by PROMESA, this Court finds that the liability insurance contract and proceeds in this case constitute "property of the debtor" as defined under PROMESA. Holding otherwise would contradict First Circuit case law regarding the automatic stay's scope both within ordinary bankruptcy cases and PROMESA.

### III. Conclusion

Based on the foregoing, MAPFRE's motion for stay of the proceedings is **GRANTED**, and the case is **STAYED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of November, 2020.

                                               **S/AIDA M. DELGADO-COLÓN**
                                               **United States District Judge**